989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles ROSS, Plaintiff-Appellant,
v.
CITY OF SANTA FE; Beverly Lennen, in their individual and
official capacities; Donald Sandoval, in their individual
and official capacities; Tony Trujillo, in their individual
and official capacities; Jack Dietz, in their individual
and official capacities; Mark Clayton, in their individual
and official capacities; Frank Valdez, in their individual
and official capacities; Brenda Trujillo, in their
individual and official capacities; John Doe, Jane Doe, in
their individual and official capacities; Ray Cisneros, in
their individual and official capacities; Paula
Grundler-Ulibarri; Thomas W. Hill; and Dennis Miller.
Defendants-Appellees.
 No. 92-2130.
 United States Court of Appeals, Tenth Circuit.
 March 23, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Ross appeals a district court order denying his motion for a new trial or an evidentiary hearing. He argues on appeal that a post-verdict comment made by one of the jurors revealed that she had concealed information on her juror questionnaire and on voir dire, and that such misconduct denied his right to a fair trial. He further argues that the district court erred by failing to grant his motion for a new trial or alternatively conducting an evidentiary hearing on the juror's possible bias. We affirm.
 
 
 3
 Ross brought an action, pursuant to 42 U.S.C. § 1983, against officers of the Santa Fe Police Department for violation of his civil rights as a result of events related to a criminal investigation and arrest. The matter was tried by a jury which returned a verdict in favor of the defendants on all claims. Following the verdict, one of the jurors, Ms. Deckert, stated in the presence of other jurors: "Those police officers are so nice. You know, my father was a policeman, and he was shot by one of them." In a written questionnaire, Ms. Deckert had checked "no" in response to a question regarding whether any member of her family had been a member or employee of any law enforcement agency. In addition, she was silent during voir dire regarding whether a family member had been a victim of a violent crime. Appellant claims on appeal that Ms. Deckert's inaccurate response and failure to respond would have been grounds for excluding her from the jury.
 
 
 4
 We review the district court's denial of the motion for new trial for a manifest abuse of discretion. Canady v. J.B. Hunt Transp., Inc., 970 F.2d 710, 716 (10th Cir.1992). The district court's decision not to hold an evidentiary hearing is also reviewed for abuse of discretion. United States v. Gines, 964 F.2d 972, 977 (10th Cir.1992), cert. denied, 113 S.Ct. 1023 (1993). To obtain a new trial in this situation, Mr. Ross must show that the juror failed to answer a material question honestly and that a correct response would have provided a valid basis to challenge the juror for cause. McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984). The district court did not conduct an evidentiary hearing but found that the unrevealed information was "insignificant and trifling" and "indicative only of a remote or speculative influence on the juror." We cannot say that the district court abused its discretion in making these findings and therefore AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicta, or collateral estoppel. 10th Cir.R. 36.3